UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY NASH,

    Plaintiff,

v.                                                  Case No. 17-11276
                                                     Honorable Victoria A. Roberts

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

### ORDER REGARDING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND RENEWED MOTION TO DISMISS COMPLAINT [Doc. 15]

Plaintiff filed this case *pro se* in the Small Claims Court of Isabella County, Michigan. On April 6, 2017, a nonappearance default judgment was entered against Defendant for $5,582.00. On April 24, 2017, Defendant removed the case to this Court.

Defendant now moves to set aside the default judgment and dismiss the complaint, arguing that: (1) the default judgment was improper because Plaintiff never properly served Defendant with the complaint; (2) Plaintiff fails to allege a waiver of sovereign immunity – which is required when suing the United States or one of its agencies; and (3) the complaint fails to allege sufficient factual matter to state a plausible claim for relief as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). [Doc. 15].

The Court reviewed the motion. The grounds Defendant sets forth for dismissing Plaintiff's complaint have merit. To proceed against the United States or an agency of the United States (such as the Social Security Administration), a plaintiff must identify a waiver of sovereign immunity expressed in statutory text. *Lane v. Pena*, 518 U.S. 187,

192 (1996); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Here, however, Plaintiff's complaint fails to allege a waiver of sovereign immunity.

Moreover, Defendant is correct that Plaintiff's complaint fails to allege sufficient facts to state a plausible claim for relief, which is required to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Iqbal*, 556 U.S. at 677-78. As the Court can best make out, Plaintiff's complaint – a Small Claims "Affidavit and Claim" form – states:

> Soc. Secur. said that I received a loan from my Insur. Co. while I was living at Main St. Living Foster Care. But I did not[.] Received it at home. They were trying to get me to pay them $2,900.00 – $3,000.00. Insur. Co. said I don't have to pay back loan. Soc. because of this did not pay 3 mo. rent at McBride Foster + got me evicted for 1 mo. + put in a shelter house in Midland, MI for 1 mo. and then returned back to Mc[Bride] Foster Care Home on terms of paying $20.00 a mo. out of my [check] to live back at McBride Foster Home #10. To this date I have had taken over $100.00 out of my [check] to pay back the rent of $1,700.00 and some. I also had to call my 2 younger brothers [to use] his pick-up truck + enclose[d] trailer[;] they c[a]me from Gladwin to move my stuff back to Gladwin in my Mom[']s shop garage + now I have to repay my brothers help + use of truck + trailer + manual labor."

[Doc. 1, PgID 7-8]. Nash seeks to recover $5,500.

Because responding to Defendant's motion to dismiss would not cure the defects in the complaint, the Court instead affords Plaintiff leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). An amended complaint must: (1) allege a waiver of sovereign immunity; and (2) set forth a short and plain statement of the claim, specifying the legal theory, statute and/or authority under which Plaintiff is entitled to relief.

If Plaintiff timely files an amended complaint that cures the defects listed above, the Court will deny without prejudice the motion to dismiss as moot. If Plaintiff does not

2

timely file an amended complaint, he must respond to Defendant's arguments for dismissal and explain why his complaint should not be dismissed.

Either an amended complaint or a response to Defendant's arguments for dismissal must be filed by **JULY 10, 2017**.

Plaintiff must also respond to Defendant's motion to set aside default judgment by **JULY 10, 2017**.

All of Plaintiff's filings in this case, including his amended complaint and response to Defendant's motion to set aside default judgment, **MUST COMPLY** with the Local Rules of this Court, including the following relevant parts of Local Rule 5.1(a):

(1) **Required Information**. All papers presented for filing must include:

    (A) the name of the court,

    (B) the title and number of the case,

    (C) the name or nature of the paper in sufficient detail for identification,

    (D) the name of the district judge and magistrate judge to whom the case is assigned, and

    (E) the following contact information:

        (ii) <u>For a party without counsel</u>: Name, address, e-mail address, and telephone number.

(2) **Format**. All papers must be on 8 ½ x 11 inch white paper of good quality, **plainly typewritten, printed, or prepared by a clearly legible duplication process, and double-spaced**, except for quoted material and footnotes. Margins must be at least one inch on the top, sides, and bottom. Each page must be numbered consecutively. . . .

E.D. Mich. LR 5.1(a) (emphasis added). Moreover, in all of his filings, Plaintiff must use complete sentences, as best as he is capable, and he **MAY NOT** abbreviate words or

3

use symbols in place of words; for example, he may not use a *plus* ("+") sign instead of the word "and."

Finally, pursuant to E.D. Mich. LR 11.2, Plaintiff has the responsibility to promptly notify the Court and Defendant whenever his address or other contact information changes. On June 2 and June 6, the Court mailed Plaintiff orders which were entered in this case to the address he has provided on all filings: 1140 Kapplinger Drive, Farwell, MI 48622. However, both pieces of mail returned as undeliverable. Failure to promptly notify the court of a change in address or other contact information may result in the dismissal of your case.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 23, 2017