UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY NASH,

    Plaintiff,

v.                                       Case No. 17-11276
                                          Honorable Victoria A. Roberts

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE
DEFAULT JUDGMENT AND RENEWED MOTION TO DISMISS [Doc. 15];
(2) SETTING ASIDE DEFAULT JUDGMENT; and (3) DISMISSING THE COMPLAINT**

      Plaintiff Rodney Nash ("Nash") filed this case *pro se* in the Small Claims Court of Isabella County, Michigan against the Social Security Administration ("Defendant"). Nash attempted to serve Defendant at 1240 Sweeney St., Mt. Pleasant, Michigan. However, Defendant does not have an office at that location. Because of this, Defendant failed to appear, and the state court entered a nonappearance default judgment against it on April 6, 2017. Defendant received notice of this case on April 10 when it received a copy of the judgment from the state court.

      On April 24, 2017, Defendant removed the case to this Court.

      Defendant now moves to set aside the default judgment and dismiss the complaint, arguing that: (1) the default judgment was improper because Nash never properly served it with the complaint; and (2) the complaint should be dismissed without prejudice because it fails to allege a plausible claim for relief and fails to allege a waiver of sovereign immunity. [Doc. 15].

After a preliminary review of the motion, the Court entered an order requiring that Nash respond to the motion and/or file an amended complaint by July 10, 2017.  [Doc. 17].  Nash failed to comply with that order and, to date, has neither responded to the motion nor amended the complaint.

When a case is removed from state court, "the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Schmalbach v. United States*, No. 16-182, 2017 WL 1130027, at *1 (W.D. Mich. Mar. 27, 2017) (quoting *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955)).  If a state court judgment was "subject to being set aside in the state court," it is "subject to the same hazard in the federal court after removal."  *Munsey*, 227 F.2d at 903.  Here, the state court judgment was subject to being set aside because Nash never properly served Defendant.  *See Bullington v. Corbell*, 293 Mich. App. 549, 555 (2011) ("Deficient notice of a pending claim constitutes a ground for relief from judgment pursuant to [Mich. Comp. Laws §] 2.612(B).").

Defendant shows that the default judgment should be set aside under Federal Rule of Civil Procedure 60(b)(1), which permits relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect."  "[F]ederal courts have applied Rule 60(b)(1) liberally to set aside default judgments, where the defendant moves for relief promptly, showing that the default was not willful, that defendant has a meritorious defense, and that the opposing party will not be prejudiced."  *Zolman v. United States*, 170 F. Supp. 2d 746, 751-52 (W.D. Mich. 2001).

All four factors in *Zolman* are satisfied here: (1) Defendant moved for relief promptly after receiving the judgment from the state court; (2) the default was not willful,

as Nash never properly served Defendant; (3) Defendant has a meritorious defense, as discussed below; and (4) setting aside the default does not prejudice Nash, because the delay was short and did not "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion," *see Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) ("To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."). Accordingly, the Court sets aside the state court judgment.

Defendant says the complaint should be dismissed because Nash fails to allege a waiver of sovereign immunity and fails to allege sufficient factual matter to state a plausible claim for relief. The Court agrees.

As the Court can best make out, the complaint – a Small Claims "Affidavit and Claim" form – states:

> Soc. Secur. said that I received a loan from my Insur. Co. while I was living at Main St. Living Foster Care. But I did not[.] Received it at home. They were trying to get me to pay them $2,900.00 – $3,000.00. Insur. Co. said I don't have to pay back loan. Soc. because of this did not pay 3 mo. rent at McBride Foster + got me evicted for 1 mo. + put in a shelter house in Midland, MI for 1 mo. and then returned back to Mc[Bride] Foster Care Home on terms of paying $20.00 a mo. out of my [check] to live back at McBride Foster Home #10. To this date I have had taken over $100.00 out of my [check] to pay back the rent of $1,700.00 and some. I also had to call my 2 younger brothers [to use] his pick-up truck + enclose[d] trailer[;] they c[a]me from Gladwin to move my stuff back to Gladwin in my Mom[']s shop garage + now I have to repay my brothers help + use of truck + trailer + manual labor."

[Doc. 1, PgID 7-8]. Nash seeks to recover $5,500.

As Defendant correctly states, Nash fails to allege a waiver of sovereign immunity. However, to proceed against the United States or one of its agencies (such

3

as the Social Security Administration), a plaintiff must identify a waiver of sovereign immunity expressed in statutory text.  *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).  Nash's failure to allege a waiver of sovereign immunity is fatal.

Moreover, Defendant is correct that Nash's complaint fails to allege sufficient facts to state a plausible claim for relief, which is required to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The Court notified Nash of the deficiencies in his complaint, but he failed to act.  Dismissal is warranted.

For the foregoing reasons, the Court: (1) **GRANTS** Defendant's motion to set aside default judgment and dismiss the complaint [Doc. 15]; (2) **SETS ASIDE** the state court default judgment; and (3) **DISMISSES** the complaint **WITHOUT PREJUDICE**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  July 28, 2017

4